UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ROJAS,<br><br>          Plaintiff,<br><br>    v.<br><br>KVSP, *et al.*,<br><br>          Defendants. | Case No. 1:18-cv-01095-LJO-JDP<br><br>SCREENING ORDER<br><br>FIRST AMENDED COMPLAINT DUE IN THIRTY DAYS<br><br>ECF No. 1 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed August 1, 2018, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that he received inadequate medical care and was attacked by officers in prison. The court has screened plaintiff's complaint and finds that it fails to state a claim. We will give plaintiff leave to file an amended complaint within thirty days.

I.     **STATEMENT OF FACTS**[1]

Plaintiff was a prisoner at Kern Valley State Prison ("KVSP") during the relevant time. *See* ECF No. 1 at 1. On September 4, 2017, plaintiff was placed on a yard that was not for

---

[1] We draw the following facts from plaintiff's complaint, ECF No. 1, and accept them as true for screening purposes.

1

Enhanced Outpatient Program[2] ("EOP") prisoners, even though plaintiff is an EOP prisoner. *See id.* at 3. Later that day, plaintiff got into a fight, dislocated his hand, and went to the hospital. *See id.* Plaintiff further alleges that prison staff served him "messed up trays" of food. *Id.* Plaintiff was placed in "AD Seg" to punish him for the incident on September 4th. *Id.* at 4. About two weeks later, "the staff there came into [plaintiff's] cell and beat [him] up." *Id.* After this assault, plaintiff "was bleeding everywhere" and "got plenty of scars," but was not given stitches. *Id.* Prison staff "wrote a false report [about the incident] and said [that plaintiff] was hurting himself." *Id.*

## II. SCREENING AND PLEADING REQUIREMENTS

A district court must dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

---

[2] Plaintiff does not explain what this program entails.

2

which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## III. DISCUSSION

### A. Linkage Requirement

Section 1983 provides a cause of action for the violation of plaintiff's constitutional or other federal rights by persons acting under color of state law. *See Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009). To state a claim, plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *See Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013).

Plaintiff fails to allege facts regarding any defendants. Generic identifiers—or categories of prison staff, such as plaintiff references here—without surname specificity, do not suffice to place any defendant on notice of a plaintiff's claims to be able prepare a defense. *See McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Plaintiff's allegations must demonstrate that each individual defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79. Plaintiff will be given leave to amend.

3

**B. Medical Deliberate Indifference**

Plaintiff appears to raise a medical deliberate indifference claim. The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (internal citation omitted) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). This indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (footnotes omitted).

There is a two-part test for deliberate indifference: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (internal quotation marks and citation omitted). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

Plaintiff has failed to allege sufficient facts to determine the seriousness of his medical need or to show that any particular defendant acted with deliberate indifference. For example, plaintiff has failed to explain which defendants' actions caused which injuries or that any defendant knew of his injuries and intentionally failed to treat him. Plaintiff will be given leave to amend.

**C. Excessive Force**

Plaintiff alleges that an unknown number of staff assaulted him. To plead an excessive force claim under the Due Process Clause of the Fourteenth Amendment, a prisoner must allege "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). When determining whether the force used is

reasonable, the court may consider factors such as "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

To the extent that plaintiff wishes to make an excessive force claim, the complaint does not adequately allege facts demonstrating that the force used against him was objectively unreasonable. Plaintiff's allegations do not contain sufficient detail for this court to infer more than the mere possibility of misconduct. *See Iqbal*, 556 U.S. at 679. The complaint does not indicate whether plaintiff was posing a safety risk to himself or others, or what may have caused the guards to assault him or spread his fingers (was plaintiff holding anything in his hand?). Plaintiff will be given leave to amend.

**D. Eighth Amendment Conditions of Confinement**

Plaintiff appears to raise a conditions-of-confinement claim for his placement in a non-EOP yard. The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures to protect the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *See id.* at 834.

To satisfy the first prong, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *See id.* To satisfy the second prong, the official must know of and disregard an excessive risk to inmate safety. *See id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

In this case, plaintiff has failed to allege sufficient facts as to either the seriousness of his deprivation, if any, or as to subjective deliberate indifference on the part of any defendant. Plaintiff will be given leave to amend.

## IV. CONCLUSION AND ORDER

We have screened plaintiff's complaint and find that it fails to state a cognizable claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed with this suit. As explained below, such an amended complaint would need to allege what each defendant did and why each defendant's actions violated plaintiff's constitutional rights. If plaintiff fails to amend his complaint within thirty days, we will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint,[3] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and the amended complaint must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer

---

[3] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

to the appropriate case number.

Accordingly, within thirty days from the date of service of this order, plaintiff must file a first amended complaint. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: May 6, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204