UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ROJAS,<br><br>    Plaintiff,<br><br>v.<br><br>KVSP, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-01095-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On May 6, 2019, I screened plaintiff's complaint and found that he failed to state a claim. ECF No. 11. I ordered plaintiff to amend his complaint and warned that failure to comply with the order would result in dismissal of this action. *See id.* at 7. Plaintiff has not filed an amended complaint.

The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a court has a duty to resolve disputes expeditiously. *See* Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In considering whether to dismiss a case for failure to prosecute, a court ordinarily considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the

1

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fourth factor weighs against dismissal. But dismissal would promote expeditious resolution, *see Pagtalunan*, 291 F.3d at 642, and would allow our overburdened court to manage its docket more effectively. Further delay increases the risk that memories will fade and evidence will be lost, and at this stage in the proceeding there is no satisfactory lesser sanction that would protect the court's scarce resources. Therefore, I find that the first, second, third, and fifth factors weigh in favor of dismissal, and I recommend dismissal without prejudice on that basis.

As more thoroughly discussed in my screening order, plaintiff has failed to state a claim against defendants, which provides an additional basis for dismissing this case. *See* ECF No. 11.

**Recommendations**

I recommend that the case be dismissed for plaintiff's failures to state a claim, prosecute, and comply with a court order. I submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     October 30, 2019                              _____
                                                         UNITED STATES MAGISTRATE JUDGE

No. 204

2